COSTA SPIRO *vs.* BRIDGEPORT AUTO TRANSIT COMPANY.

Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.
Argued April 17th—decided June 22d, 1931.

*Hugh J. Lavery,* for the appellant (defendant).

*Isador L. Kotler,* with whom was *James E. Murphy,* for the appellee (plaintiff).

PER CURIAM.  There was evidence before the jury which, if believed, would have justified them in finding the following facts: The plaintiff was a passenger in a bus operated by the defendant company.  It stopped at a street corner to let other passengers alight and when it went on the driver left the door open.  When the bus was about half way to the next street corner the plaintiff, who desired to alight at that point, rose from his seat, pushed the signal button for the bus to stop, walked to the front of it and stood, holding to an upright pole by the driver's shoulder.  The bus came to a sudden stop some distance before reaching the street corner and the jerk threw the plaintiff through the door to the street, causing the injuries for which he sought to recover.  We find nothing in the record which throws such doubt upon the evidence that we can say the jury might not reasonably have

believed it and this conclusion is fortified by the action of the trial court in denying a motion to set the verdict aside. The complaint contains sufficient allegations to uphold a verdict against the defendant upon the ground of the negligence of the driver in leaving the door open and in suddenly stopping as he did. The question whether the plaintiff was guilty of contributory negligence was a question of fact for the jury. The circumstances of the way in which the hold of the plaintiff upon the pole in the bus was broken and he was thrown through the doorway satisfies the test of evidence necessary to sustain a recovery based upon the sudden stopping of a vehicle; *Belledeau* v. *Connecticut Co.*, 110 Conn. 625, 149 Atl. 127; and the conclusion of the jury that the driver of the bus was negligent is justified by the facts we have stated.

There is no error.